THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLM TRADING LLC, d/b/a MEKONG RAINIER SUPERMARKET,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>UNITED STATES OF AMERICA., *et al.*,<br><br>　　　　　　　　Defendants. | CASE NO. C22-0458-JCC<br><br>ORDER |

　　　　This matter comes before the Court on the parties' cross-motions for summary judgment. (Dkt. Nos. 10, 15.) Having thoroughly considered the briefing, the relevant record, and considering oral argument unnecessary,[1] the Court hereby GRANTS Defendants' motion and DENIES Plaintiff's motion for the reasons explained below.

I.　　BACKGROUND

　　　　The facts of this case are not disputed. Plaintiff CLM Trading LLC, d/b/a Mekong Rainier Supermarket is a store located at 3400 Rainier Ave. South in Seattle. (Dkt. No. 10 at 3.) The store is owned by Chadillada Lapangkura. (*Id.*) On August 14, 2019, Ms. Lapangkura pleaded guilty to Conspiracy to Defraud the Government, in violation of 18 U.S.C. § 371. (Dkt. No. 12-1 at 2.)

---

[1] Neither party requested oral argument in accordance with LCR 7(b)(4.)

ORDER
C22-0458-JCC
PAGE - 1

On September 1, 2021, Plaintiff filed an application with the U.S. Department of Agriculture, Food and Nutrition Service ("FNS") to participate as an authorized retailer in the Supplemental Nutrition Assistance Program ("SNAP"). (Dkt. No. 10 at 4.) The application listed Ms. Lapangkura as the sole owner. (*Id*.) On October 13, 2021, FNS notified Plaintiff that Plaintiff's SNAP application had been permanently denied due to Ms. Lapangkura's prior criminal conviction. (*Id*. at 5.) On October 25, 2021, Plaintiff submitted a request for review to the Chief of the Administrative Review Branch of FNS. (*Id*.) On March 8, 2022, the FNS issued a Final Agency Decision ("FAD") confirming the Agency's initial decision to permanently deny Plaintiff's application to participate as an authorized SNAP retailer. (*Id*.)

Plaintiff is seeking judicial review of the Agency's FAD, claiming that (1) 7 C.F.R. § 278.1(b)(3)(i) does not apply to Ms. Lapangkura's criminal conviction, and (2) if it did, the regulation, as applied, is unconstitutional. (Dkt. No. 1 at 9–11.) Both parties move for summary judgement. (*See generally* Dkt. Nos. 10, 15.) Plaintiff does not oppose dismissal of the constitutional claim. (Dkt. No. 13 at 6.) Therefore, the only issue before the Court is whether Ms. Lapangkura's criminal conviction falls within the scope of 7 C.F.R. § 278.1(b)(3)(i).

## II. DISCUSSION

### A. Legal Standard

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court views facts in the light most favorable to the nonmoving party and resolves ambiguity in that party's favor, but it must not make credibility determinations or weigh evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 255 (1986); *Bator v. Hawaii*, 39 F.3d 1021, 1026 (9th Cir. 1994). A fact is material if it "might affect the outcome of the suit," and a dispute of fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The moving party has the initial burden to show the lack of a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that party succeeds,

the burden shifts to the nonmoving party to demonstrate there is an issue for trial. *See id.* at 323–24. If the movant fails, the nonmovant need not present any evidence, even if it has the ultimate burden at trial. *See Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000). On cross-motions, the Court evaluates each motion independently giving the nonmovant in each instance the benefit of all reasonable inferences. *Lenz. v. Universal Music Corp.*, 815 F.3d 1145, 1150 (9th Cir. 2016).

### B. Judicial Review of Denial of Authorization

A retailer "aggrieved by [a] final determination" of FNS may obtain judicial review of the Agency's decision by filing a complaint against the United States in federal court. 7 U.S.C. § 2023(a)(13); *see also* 7 C.F.R. § 279.7(a). The reviewing court determines the validity of the Agency's final determination in a "trial de novo." 7 U.S.C. § 2023(a)(15). "A trial de novo is a trial which is not limited to the administrative record—the plaintiff 'may offer any relevant evidence available to support his case, whether or not it has been previously submitted to the agency.'" *Kim v. United States*, 121 F.3d 1269, 1272 (9th Cir. 1997) (quoting *Redmond v. United States*, 507 F.2d 1007, 1011-12 (5th Cir. 1975)). The applicant bears the burden of proving by a preponderance of the evidence that the Agency's action was invalid. *Kim*, 121 F.3d at 1272. A review of the sanction imposed by the Agency is subject to an arbitrary and capricious standard. *Hy Chan Banh v. United States*, 814 F.2d 1358, 1361 (9th Cir. 1987).

Retailers seeking to accept SNAP benefits must apply to the FNS. *See* 7 U.S.C. § 2018; 7 C.F.R. § 278.1. In determining whether an applicant qualifies for authorization, FNS is required to consider several factors, including "the [applicant's] business integrity and reputation." 7 U.S.C. § 2018(a)(1)(B)(v). The FNS must permanently deny applicants if there has been a: "(i) Conviction of or civil judgment against the owners, officers or managers of the firm for: (A) Commission of fraud or a criminal offense in connection with obtaining, attempting to obtain, or performing a public or private agreement or transaction…" 7 C.F.R. § 278.1(b)(3)(i)(A); *see also* 7 C.F.R. § 278.1(k)(3)(i).

1. <u>Scope of 7 C.F.R. § 278.1(b)(3)(i)(A)</u>

Defendants read 7 C.F.R. § 278.1(b)(3)(i)(A) to encompass two distinct categories that can each exclusively trigger a permanent denial: First, a "conviction or civil judgement" of the "commission of fraud," (Dkt. No. 16 at 3), second, "criminal offenses" in "connection with obtaining, attempting to obtain, or performing a public or private agreement or transaction." (*Id*.) They argue that if an applicant fits into either of these categories, the FNS must permanently deny an application. (*Id*.) Plaintiff reads this provision more narrowly, arguing that the FNS can only permanently deny an applicant if the conviction—or civil judgement—of the "commission of fraud" was "in connection with obtaining, attempting to obtain, or performing a public or private agreement or transaction." (Dkt. No. 13 at 14–18.) Said differently, Plaintiff believes that the entire provision must be collapsed and read as a single condition rather than two distinct scenarios.

The Court agrees with Defendants' interpretation because it is consistent with a common sense reading of the text. The phrase "in connection with obtaining, attempting to obtain, or performing a public or private agreement or transaction" modifies only "a criminal offense," not "commission of fraud." 7 C.F.R. § 278.1(b)(3)(i)(A). If the regulation was intended to limit convictions and civil judgements of fraud to those commenced in connection with an agreement or transaction, it would have made that much clearer. *See FDIC v. Meyer*, 510 U.S. 471, 476 (1994) ("[W]e construe a statutory term in accordance with its ordinary or natural meaning.") The Plaintiff's interpretation would render the "commission of fraud" superfluous, because it would be completely subsumed by the definition of "criminal offense." This runs contrary to a fundamental canon of statutory interpretation. *See Bailey v. United States*, 516 U.S. 137, 146 (1995) ("We assume that Congress used two terms because it intended each term to have a particular, nonsuperfluous meaning.") Therefore, as it is written, a conviction of the "commission of fraud" is sufficient to trigger a permanent denial under 7 C.F.R. § 278.1(b)(3)(i)(A).

Not only is Plaintiff's interpretation inconsistent with a plain reading of text, but it would also significantly limit the FNS's ability to filter out candidates who have not upheld necessary standards of business integrity. It is a well-accepted rule of statutory construction that "statutory interceptions which would produce absurd results are to be avoided." *Arizona State Bd. For Charter Sch. V. U.S. Dep't of Educ.*, 464 F.3d 1003, 1008 (9th Cir. 2006.) Plaintiff's interpretation would exclude all sorts of fraud clearly contemplated by this provision, such as fraud on the government, and SNAP fraud as well. This would be an absurd result considering that the regulation was specially designed to prevent fraudulent abuse of SNAP by denying applicants who have previously engaged in fraud. *See* 7 C.F.R. § 278.1(b)(3); 7 U.S.C. § 2018(a)(1)(B)(iv)–(v); Food Stamp Program: Retailer Integrity, Fraud Reduction and Penalties, 64 Fed. Reg. 23165-01 (Apr. 30, 1999).

Therefore, the Court FINDS that 7 C.F.R. § 278.1(b)(3)(i)(A) encompasses all convictions and civil judgements for fraud, and not merely those committed in connection with an agreement or transaction.

2. <u>Conspiracy to Commit Fraud</u>

The only remaining question is whether Mr. Lapangkura's previous criminal conviction falls under the scope of 7 C.F.R. § 278.1(b)(3)(i)(A). Ms. Lapangkura was convicted of Conspiracy to Defraud the Government in violation of 18 U.S.C. § 371. (Dkt. No. 12-1 at 2.) The elements of the offense are: (1) an agreement with another to defraud the United States, (2) an intent to defraud the United States, and (3) one member of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy. (Dkt. No. 12-1 at 3); *see also United States v. Tuohey*, 867 F.2d 534, 537 (9th Cir. 1989).

Defendants argue that this conviction falls squarely under the scope of 7 C.F.R. § 278.1(b)(3)(i)(A). (Dkt. No. 10 at 11.) Plaintiff argues that is incorrect because conspiracy and fraud are two distinct offenses, and conspiracy to commit fraud is not an enumerated offense under the provision. (Dkt. No. 13 at 21–23.) Indeed, conspiracy is an inchoate crime that does

not require completion of the criminal objective. *See United States v. Macias-Valencia*, 510 F.3d 1012, 1014 (9th Cir. 2007). But nothing in the text or rulemaking history of 7 C.F.R. § 278.1(b)(3)(i)(A) limits its application to substantive offenses. Ms. Lapangkura signed a plea agreement admitting to defrauding the United States by knowingly misrepresenting the restaurant's revenue to the Internal Revenue Service. (*See generally* Dkt. No. 12-1.) It would be absurd to allow Ms. Lapangkura to sidestep the prophylactic goals of the FNS's regulations by excluding "conspiracy to defraud the government" from the definition of "commission of fraud." 7 C.F.R. § 278.1(b)(3)(i)(A).

Plaintiff's hyper-technical linguistic analysis cannot overcome the history and purpose of 7 C.F.R. § 278.1(b)(3)(i)(A), which establishes that it was designed to apply to the offense Ms. Lapangkura committed: fraud on a government program. *See* 64 Fed. Reg. 23165-01. Moreover, the only courts that have considered the scope of 7 C.F.R. § 278.1(b)(3)(i) have concluded that it was designed to curb fraud in the program and should be interpreted to further that purpose. *See Astoria Downtown Mkt. v. United States*, 2019 WL 7630953, slip op. at 6 (D. Or. 2019) (concluding that the "over-arching concern for FNS, when approving a retail food store, is to ensure the store's owners and managers won't cheat the program"); *Warren v. United States*, 2015 WL 5321765, slip op. at 9 (E.D. Ky. 2015) (the regulation should be read in such a way as to "fit[] with the program's efforts at curbing the problem of food stamp fraud and trafficking.")

That said, the Court stops short of a categorical ruling on whether all conspiracy charges related to fraud constitute a commission of fraud under 7 C.F.R. § 278.1(b)(3)(i)(A). Rather, the Court narrowly finds that the facts of Ms. Lapangkura's particular conviction falls under the scope of 7 C.F.R. § 278.1(b)(3)(i)(A), and the parties' remaining arguments are moot.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgement (Dkt. No. 10) is GRANTED, and Plaintiff's cross motion for summary judgement (Dkt. No. 15) is DENIED.

DATED this 14th day of October 2022.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE